IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kelli Kelly and Raymond Chapman<br><br>Plaintiffs,<br><br>vs.<br><br>Jonathan Joy Apartments, Shiyanna Lee, Metropolitan Property Management, Dynamic Property Management, John D Moore, and John D Moore Housing Inc,<br><br>Defendants. | Civil Action No.: 8:12-cv-02287-MGL-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Plaintiffs brought this action seeking damages as a result of civil rights violations related to discriminatory housing practices in HUD housing. On September 10, 2012, the Court entered a proper form Order advising Plaintiffs to bring the case into proper form on or before October 4, 2012 by completing a summons for each listed defendant named in the matter. [Doc. 12.] The Order advised that failure to comply with the Order might result in the dismissal of this action. [*Id.*] Plaintiffs failed to respond.

On October 15, 2012, the Court, in an Order to show cause, directed the Plaintiffs to bring the case into proper form by completing one summons form for each defendant named in the matter and by completing and signing the *pro se* party's answer to Rule 26.01 Interrogatories. [Doc. 16.] The Order gave Plaintiffs an additional fifteen (15) days to bring the case into proper form or be subject to dismissal pursuant to Federal Rule of Civil Procedure 41. [*Id.*] Plaintiffs have failed to respond to either the proper form Order [Doc.12] or the Order to show cause [Doc. 16].

Based on the foregoing, it appears Plaintiffs no longer wish to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995), *aff'd*, 73 F.3d 357 (4th Cir. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va. 1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a "drawn out history" of "deliberately proceeding in a dilatory fashion;" and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that

> the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little

2

> alternative to dismissal. Any other course would have placed
> the credibility of the court in doubt and invited abuse.

*Id.* at 95–96.

As Plaintiffs are proceeding pro se, they are personally responsible for their failure to file a response.  Plaintiffs have not filed anything in this case since the initial Complaint and motion for leave to proceed in forma pauperis were filed on August 10, 2012. [Docs. 1, 3.] Plaintiffs have had almost two months to bring this case into proper form, and the Court has warned Plaintiffs on numerous occasions the case would be dismissed pursuant to Rule 41(b) if Plaintiffs failed to respond.  Despite these warnings, Plaintiffs have elected not to respond.  Because Plaintiffs have already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 6, 2012
Greenville, South Carolina