IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kelli Kelly and Raymond Chapman, | ) | Civil Action No.: 8:12-2287-MGL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Jonathan Joy Apartments, Shiyana Lee, | ) | |
| Metropolitan Property Management, | ) | |
| Dynamic Property Management, John D. | ) | |
| Moore, and John D. Moore Housing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs Kelli Kelly and Raymond Chapman ("Plaintiffs"), proceeding *pro se*, brought this action seeking damages for civil rights violations related to discriminatory housing practices in HUD housing. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On November 16, 2012, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the case be summarily dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 19.) Plaintiffs have neither responded to the Court's Order requiring them to bring the case into proper form (ECF No. 12) entered on September 10, 2012, nor have they complied with the Court's Order to Show Cause (ECF No. 16) entered on October 15, 2012, and mail

addressed to them has been returned as undeliverable.[1]  (ECF Nos. 22, 23.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

No objections were filed to the Report and Recommendation. The Report and Recommendation (ECF No. 19) was mailed to Plaintiffs on November 6, 2012. The mail was returned to the Court on November 13, 2012 (ECF Nos. 22, 23) as undeliverable. Plaintiffs have not provided the Court with an updated address as required by the Order of September 10, 2012 (ECF No. 12), and, as a result, the Court has no means of contacting them concerning their case. Plaintiffs were warned and advised in the Order to keep the Clerk apprised of their current address and that a failure to do so may result in a dismissal of the case. Accordingly, this action is due to be dismissed pursuant to Federal Rules of Civil Procedure 41(b) for failure to prosecute and failure to comply with the orders of this Court. Furthermore, in the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation

---

[1] An Order was issued on September 10, 2012, directing Plaintiffs to "always keep the Clerk of Court advised in writing" if their address changed for any reason. Plaintiffs were warned that this case may be dismissed for failure to comply with the Order. (ECF No. 12.)

for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

November 19, 2012
Spartanburg, South Carolina